# EXHIBIT B

Filed
4/18/2022 11:26 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Sylvie Le

CAUSE NO. __22-DCV-292764__



| | | |
|---|---|---|
| **ROBERT A SANDERS,** | § § § § § § | **IN THE DISTRICT COURT** |
| *Petitioner,* | § | |
| **vs.** | § § § | **OF FORT BEND COUNTY, TEXAS** |
| | § § | Fort Bend County - 434th Judicial District Court |
| **REGIONS BANK,** | § § | _____JUDICIAL DISTRICT |
| *Defendant.* | § § § | |

---

**PETITIONER'S ORIGINAL PETITION**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

Robert A Sanders ("Petitioner"), files this Original Petition complaining of and about REGIONS BANK ("Defendant"), and for cause of action would show the following:

## I.   DISCOVERY CONTROL PLAN

1.   Petitioner intends to conduct discovery under Level 2 pursuant to Rule 190 of the Texas Rules of Civil Procedure. However, Petitioner reserves the right to move this Court to enter a discovery control plan in accordance with Rule 190.4 of the Texas Rules of Civil Procedure.

## II.   PARTIES AND SERVICE

2.   Petitioner, Robert A Sanders, is a citizen of the United States and the State of Texas and resides in Fort Bend County, Texas.

3.   Defendant REGIONS BANK is a  foreign for-profit institution.  It has made an appearance in this lawsuit.  It may be served with process by serving its registered agent Corporation Service Company, D/B/A CSC Lawyers Incorporating Service Company, at  211 E. 7th Street, Suite 620

*Petitioner's Original Petition*                                                                                          1

**Exhibit B-1**

Austin, TX 78701-3218.

### III.    JURISDICTION AND VENUE

4.   This Court has jurisdiction as this action arises under Texas Commission on Human Rights Act, Texas Labor Code § 21.001, et al.

5.   Venue is proper in Fort Bend County, Texas under Texas Civil Practice and Remedies Code §15.002 as all or a substantial part of the events or omissions giving rise to the claim occurred in this county.

### IV.    NATURE OF THE ACTION

6.   This is an action brought pursuant to Chapter 21 of the Texas Labor Code and the Texas Commission on Human Rights Act ("TCHRA") to correct and recover for Defendant's unlawful racial discrimination, TCHRA retaliation, and to deter Defendant from continuing its pattern of unlawful employment practices.

### V.    FACTUAL BACKGROUND

7.   Petitioner Robert A Sanders has been employed by REGIONS BANK ("Regions Bank") as Vice President / Branch Manager VI since July 3, 2012.

8.   REGIONS BANK is a foreign for-profit corporation that regularly conducts business in Fort Bend, Texas.

9.   Throughout his employment, with Regions Bank, he has suffered disparaging and discriminatory acts, directly from Dave Leonard (hereinafter "Mr. Leonard"), the new Consumer Banking Manager.

10. Over the past three years, Petitioner has been denied the opportunity to become the Branch Manager for any of the Nexus (New Denovo Branches) within the Missouri City or Sugar Land markets. Since 2013, Petitioner has lived in the Missouri City community (Sienna Plantation) and

**Exhibit B-1**

is actively involved within the community.

11. In 2017, when the list of approved Nexus locations was announced, Petitioner expressed a high degree of interest to the Consumer Banking Manager, Ms. Mary McDonnell (hereinafter "Ms. McDonnell"), at the time and throughout the year of 2018.

12. Petitioner had several conversations with Ms. McDonnell during branch visits and branch observations completed by her.

13. During the 3rd Quarter of 2018, the office that Petitioner was managing, was assigned to Dave Leonard (hereinafter "Mr. Leonard") as the new Consumer Banking Manager ("CBM"). Once Mr. Leonard became Petitioner's direct supervisor, in 2018, Mr. Leonard only completed 2 branch visits to the Sugar Land branch within <u>3 years</u>. Anytime that Mr. Leonard would plan to visit Petitioner's team (CBM's are required to visit all their branches at least **once per quarter**) Mr. Leonard would cancel and/or reschedule.

14. Petitioner applied for a new position that had opened at the branch of the Sienna Plantation, for a BSM position. However, Petitioner was told that the position was not posted, Defendant confirmed that they would inform him when the position becomes available.

15. In December of 2018, during a Branch Managers meeting in the Greenway Plaza Corporate Building, Petitioner inquired about the Sienna Plantation posting to Mr. Leonard, and Mr. Leonard indicated that he and Earl Connell (hereinafter "Mr. Connell"), had already extended an offer to an outside applicant.

16. Petitioner was under the impression that he would receive an invitation to apply for this position, and based on seniority and experience, he felt he was the best candidate.

17. During the months of July and August of 2019, Mr. Leonard would utilize Petitioner's branch to conduct interviews for the Branch Manager position. Petitioner was informed by another

**Exhibit B-1**

associate that Mr. Leonard was interviewing for the Lake Riverstone, Branch Manager nexus opening, the same position Petitioner kept inquiring and applying for.

18. Petitioner contacted Mr. Leonard and reminded him of his interest to interview for the position. Mr. Leonard instructed Petitioner to apply for the position and even confirmed he would schedule an interview.

19. After waiting three weeks for a scheduled interview with Mr. Leonard, Petitioner followed up with an email as a reminder about the interview. Mr. Leonard confirmed that a phone interview would be conducted within two weeks.

20. In Petitioner's career of 20 years of banking experience, Petitioner has been successful in opening more than 10 New Denovo (Nexus) locations for other financial entities. On August 20th, Mr. Dave contacted Petitioner for the phone interview. The interview lasted less than 30 minutes, Petitioner was taken aback by the fact that he was not presented with any interview questions that were related to developing New Household / Business Relationships within the market of Lake Riverstone.

21. Petitioner's interview questions were all irrelevant to his experience, and to the position, he was applying for. Petitioner felt discriminated against during this interview. Mr. Leonard finalized his interview with a contradicting question with Petitioner. Mr. Leonard asked, "Have you ever hired an employee that did great in the interview, but turned out to be a poor-performing employee?" Petitioner felt the question was rhetorical and condescending.

22. In December 2020, "internal complaints" were made against Mr. Sanders and created by Melissa Miranda ("Ms. Miranda") "Hispanic" (FRC - Financial Relationship Consultant), which Petitioner alleges was in retaliation based on Petitioner's 4th quarter and annual 2020 performance review of Ms. Miranda, stating, she "partially met expectations."

*Petitioner's Original Petition*                                                                                           4

**Exhibit B-1**

23. On February 11, 2021, just prior to entering the Sugar Land branch for opening procedures, Petitioner noticed that Mr. Leonard was waiting in the parking lot. After completing the opening procedures, Mr. Leonard entered the branch and stated that he just wanted to stop by to visit with Petitioner and his team.

24. That day the bank was short-staffed with, only 3 employees on the premises. Mr. Leonard insisted on spending 2-4 hours of the day at Petitioner's office. At 8:45am as Petitioner was in the process of logging into his computer, whilst Mr. Leonard stood in close proximity, as to spying on Petitioner, he acted as if Petitioner was violating bank policies or tending to personal duties while on the clock.

25. Without any prior notification, Mr. Leonard stated to Petitioner, that they were notified that a phone conference had to take place with Melody Bodine (HR Office of Associate Conduct) without any further ado Petitioner complied and agreed to the phone conference.

26. Mr. Leonard provided Petitioner the phone number for Melody Bodine and the call was made from the office line. When Melody answered, she made the following statement, "Good morning, Dave and Robert, how are you doing this morning? Robert, the reason for this call is due to some concerns of associate misconduct or behavior that was anonymously reported to us by one of your bankers."

27. Regions has a Zero/No Retaliations Policy against any associate for reporting complaints or issues to HR. She then proceeded with a list of false accusations made by Melissa Miranda (hereinafter "Ms. Miranda"), who is a Financial Relationship Consultant.

28. Petitioner relayed to management that Ms. Melissa Miranda was retaliating against him for having a "Partially Met-Expectation" performance review for 4th Quarter 2021 & Annual performance review for 2021.

*Petitioner's Original Petition*                                                                 5

**Exhibit B-1**

29. Ms. Miranda relayed to 2 (two) other associates at the branch, after her annual review that she was going to make a list of allegations about Petitioner and report the information to their supervisor Mr. Leonard.

30. On February 19th, Bodine emailed Petitioner regarding the forwarding of Petitioner's discrimination incidents to Nicole Cooper (HR) for to further the investigation.

31.  On February 26th, Bodine and Cooper called to interview Mr. Sanders on his reports of discrimination. Within minutes of the interview, Cooper transitioned from inquiry to interrogations. Questions included: "Why was it Leonard's responsibility to remind you of the open branch manager position?" "Why would Leonard need to inform you of meeting with Ogburn for lunch?"  It was obvious that their "inquiry" was bias and in place to protect Regions and not research the incidents and occurrences reported by Petitioner.

32. From February 26th and the weeks to follow, HR/OAC continued to investigate and retaliate almost weekly against Petitioner.  The interviews were harassing and misleading in an attempt to misconstrue the information being discussed.  Cooper was strategic in not addressing the complaints but redirecting the blame towards Petitioner.

33. On May 27, 2021, after not receiving any assistance from HR/OAC, Petitioner was forced to file an EEOC charge alleging race discrimination and retaliation.

34. On June 3, 2021, Petitioner and Karen Mendez (hereinafter "Ms. Mendez"), the Financial Relationship Specialist, arrived at the Sugar Land branch to complete the opening procedures.

35. Mr. Leonard was already waiting in the parking lot at the branch when Petitioner arrived. After about 10 minutes and completing the opening procedures, another vehicle parked next to Mr. Leonard.

36. Petitioner noticed that the person was Meghan Wernecke (hereinafter "Ms. Wernecke")

*Petitioner's Original Petition*                                                                                          6

**Exhibit B-1**

who is Regions' ROM – Regional Operation Manager.  They both entered the building and announced that they would be performing a Surprised Cash Count of all Cash Boxes, Vault, and ATM machines.

37. Petitioner understood that this was not their protocol since Ms. Wernecke had just conducted an audit visit less than 3 (three) weeks ago.

38. Mr. Leonard and Ms. Wernecke requested help from another team member, Ms. Raven Porter, who is a Financial Relationship Specialist to assist with the Surprise Cash Count.  At about 1 ½ hour later the cash count was completed, immediately after the audits were conducted Mr. Leonard asked Petitioner to come with him to the conference room for a call with Ms. Erin who is HR / Office of Associate Conduct.

39. During this conference call Mr. Sanders was terminated immediately, the ultimate reason that was relayed to him was due to an investigation that was conducted that Petitioner violated Regions' Code of Conduct by not being truthful during the initial investigation.

40. Petitioner was completely blindsided. Petitioner had never received any reprimands or received any notifications for lack of communication or for failure to comply with Defendant's expectations.

41. Mr. Leonard must review and approve all submitted Expense Reports by Branch Managers.  The January 2021 expense report in question was reviewed and approved by Mr. Leonard.

42. On January 28, 2021, the outside survey requirements were completed, neither Mr. Leonard nor Megan Wernecke expressed concerns with completing outside calling activity or COVID protocols outlined by Defendant.

43. A copy of the scorecard report for Mr. Sanders' 1st quarter, 2021, reflects the calling

*Petitioner's Original Petition*                                                                                          7

**Exhibit B-1**

activity results of the business relationships established. Mr. Sanders and his team achieved 233.33% of their business checking account goal.

44. After 9 years of meeting and exceeding performance expectations year after year Petitioner never received any poor or negative performance reviews or received any disciplinary write-ups.

45. Petitioner was an exemplary Certified Elite Team Captain. Petitioner was replaced by a Branch Manager outside his protected class even though he is a Certified Elite Team Captain with Regions through their Work Program.

46. Defendant ultimately terminated Petitioner from his Branch Manager IV/Vice President position because of his race and protected complaints. There is reason to believe that other non-African American, Branch Managers, were treated more favorably and promoted to positions which Petitioner was not hired.

47. Defendant's organization took the action of retaliation against him directly related to the Race Discrimination filed with Regions HR / OAC on February 17, 2021.

48. When Petitioner was terminated, he was never presented with a reasoning for why he was being terminated. It is not until reading Defendant's Position Statement for the EEOC Petitioner learned of Defendant's reasons.

## VI.    <u>CONDITIONS PRECEDENT</u>

49.  All conditions precedent to jurisdiction have occurred or been complied with: a Charge of Discrimination (Charge No. 460-2021-03447) was jointly filed with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission Civil Rights Division ("TWC-CRD") and the Petitioner's lawsuit has been filed within ninety days of receipt of the EEOC's issuance of a right to sue letter.

*Petitioner's Original Petition*                                                                                          8

**Exhibit B-1**

## VII.   CAUSES OF ACTION

### RACE DISCRIMINATION
### UNDER CHAPTER 21 OF THE TEXAS LABOR CODE

50.   Chapter 21 of the Texas Labor Code prohibits employers from discriminating against any individual based on their race.  *See* TEX. LAB. CODE § 21.051.

51.  Pursuant to Section 21.051 of the Texas Labor Code, Petitioner pleads a cause of action against Defendant for race discrimination (African-American).

52.  The allegations contained in all paragraphs of the petition are hereby incorporated by reference with the same force and effect as if set forth verbatim.

53. Petitioner can successfully establish his prima facie case of race discrimination Chapter 21 of the Texas Labor Code ("TCHRA"). As an African American, Petitioner is a member of a protected class. Petitioner was certainly qualified for his position, and had great performance reviews. Further, Petitioner suffered an adverse employment action when his employment was terminated by Defendant.

54. In addition, there is evidence that Defendant's reason for termination was pretextual. Defendant sought to terminate Petitioner. based on his race, fabricate issues and write-ups to justify their actions.

55. Petitioner was replaced by a Branch Manager outside his protected class and/or treated less favorably than similarly situated non-African American Branch Managers under Mr. Leonard.

56.  Defendant discriminated against Petitioner in connection with the compensation, terms, conditions, and privileges of employment; or, limited, segregated, or classified Petitioner in a manner that would deprive or tend to deprive Petitioner of any employment opportunity or adversely affect his status because of Petitioner's race (i.e., African-American), in violation of TCHRA.

*Petitioner's Original Petition*                                                                                     9

**Exhibit B-1**

57.  Due to Defendant's pattern, practice, and policy of discrimination, Petitioner has been subjected to unfair terms, conditions, and privileges of employment because of his race.  Defendant subjected Petitioner to unlawful employment practices, specifically, termination and failure to promote on account of his race and color, in violation of TCHRA.

### **RETALIATION**
### **UNDER CHAPTER 21 OF THE TEXAS LABOR CODE**

58. Chapter 21 of the Texas Labor Code prohibits retaliation against a person who has opposed discrimination by filing a charge or complaint or testified, assisted, or participated in an investigation, proceeding, or hearing under the TCHRA.  *See* TEX. LAB. CODE § 21.055.

59. Pursuant to section 21.055 of the Texas Labor Code Petitioner pleads a cause of action against Defendant for retaliation.

60. The allegations contained in all paragraphs of the complaint are hereby incorporated by reference with the same force and effect as if set forth verbatim.

61. On December 4, 2020, and February 17, 2021, Petitioner engaged in protected activity by filing an internal complaint of discrimination and harassment with Defendant.

62. On May 27, 2021, Petitioner engaged in protected activity by filing a Charge of Discrimination with the EEOC/TWC-CRD, alleging race discrimination and retaliation.

63. Over the next <u>seven days</u>, after engaging in protected activity, Petitioner experienced additional discrimination and harassment.

64. On June 3, 2021, Petitioner was terminated without any reason except that he was not "truthful in the investigation."  There are only seven (7) days between Defendant's knowledge of Petitioner's last protected activity on May 27, 2021, and his termination on June 3, 2021, which is sufficient evidence of causality.

65. The temporal proximity here is just seven (7) days. Additionally, Petitioner's prior

*Petitioner's Original Petition*                                                                                                 10

disciplinary record was non-existent. The effect of these practices has been to deprive Petitioner of equal employment opportunities and otherwise adversely affect his status as an employee.

66. Petitioner alleges that Defendant retaliated against him by singling him out for excessive discipline, placing him under micromanagement and performing excessive audits outside of their protocol guidelines, ultimately terminating him based on his protected activity in violation of Chapter 21 of the Texas Labor Code.

## HOSTILE WORK ENVIRONMENT
### UNDER CHAPTER 21 OF THE TEXAS LABOR CODE

67. The allegations contained in all paragraphs of the petition are hereby incorporated by reference with the same force and effect as if set forth verbatim.

68. As discussed, Defendant, as Petitioner's employer, acting by and through its agents, servants and employees, in a series of separate unlawful adverse employment acts required Petitioner to work in a discriminatorily hostile and abusive environment permeated with discriminatory intimidation, ridicule, and insult that was frequent and severe and was physically threatening or humiliating.

69. The frequent severe discrimination, harassment and hostile work environment of which Petitioner complains have unreasonably interfered with Petitioner's work performance.

70. The frequent severe discrimination, harassment and hostile work environment of which Petitioner complains altered the terms and conditions of Petitioner's employment.

71. Petitioner not only perceives the work environment within WOCCISD to be hostile and abusive, said environment would also be found hostile and abusive by a reasonable person of ordinary prudence and with respect for common decency within the work place.

72. On more than one occasion, Petitioner complained of such discrimination and harassment to his supervisors, human resources, and other representatives of Defendant. Defendant knew or

*Petitioner's Original Petition*                                                                                      11

**Exhibit B-1**

should have known about the discrimination and harassment but failed to take prompt remedial action, and the discrimination, harassment and hostile work environment has continued unabated until his termination.

73. Further, Defendant acted intentionally and/or was deliberately indifferent in its decision to not properly investigate prior complaints against its agents, servants and employees, not properly disciplining them for improper conduct, not properly supervising them after being on notice of problems with their conduct including but not limited to prior acts of discrimination and harassment, and not properly training/retraining them after being aware of the foregoing conduct.

74. Defendant acted in deliberate indifference to the Constitutionally protected rights of Petitioner when Defendant failed to provide its agents, servants and employees with training regarding discrimination, harassment, and the proper manner for treating employees. Defendant then compounded the indifference by failing to supervise its agents, servants and employees and by failing to act promptly to prevent and/or stop discrimination, harassment and a hostile work environment from occurring.

75. Petitioner has hereby affirmatively pled a *prima facie* case of harassment and hostile work environment in violation of the TCHRA/ TEXAS LABOR CODE, Chapter 21, et seq., against Defendant.

## VIII.     <u>DAMAGES</u>

76. As a result of Defendant's actions and or omissions described above, Petitioner sustained the following damages:

      a.      Actual damages, including (but not limited to) economic damages (such as past pecuniary losses and future pecuniary losses) and mental anguish damages (pursuant to Texas Labor Code § 451.002(a));

      b.      Exemplary damages (pursuant to Texas Labor Code § 451.002(a));

**Exhibit B-1**

c.      Reinstatement to Petitioner's former employment position with Defendant (pursuant to Texas Labor Code § 451.002(b));

d.      Injunctive relief to restrain violations of the Texas Labor Code § 451.001 (pursuant to Texas Labor Code § 451.003);

e.      Attorneys' fees;

f.      Costs incurred as a result of this lawsuit;

g.      Pre-judgment interest;

h.      Post-judgment interest; and

i.      All other relief to which Petitioner is entitled.

77. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Petitioner hereby seeks monetary relief over $200,000.00, but not more than $1,000,000.00, as well as non-monetary relief. Among the relief Petitioner is seeking includes (but is not limited to) attorneys' fees, costs, pre-judgment interest, and post-judgment. Petitioner also seeks a demand for judgment for all the other relief to which Petitioner deems himself entitled. The damages being sought by Petitioner are within the jurisdictional limits of the court. Petitioner further requests that the non-expedited rules apply in this case.

## IX.      **EXEMPLARY DAMAGES**

78. Petitioner would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Petitioner. In order to punish said Defendant for engaging in unlawful discrimination and to deter such actions and/or omissions in the future, Petitioner also seeks recovery from Defendant for exemplary damages.

**Exhibit B-1**

## X.     JURY DEMAND

79. Petitioner demands a jury on all issues to be tried in this matter and has submitted the jury fee.

## XI.     PRAYER

For the reasons set forth above, Petitioner, Robert A Sanders, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Petitioner against Defendant for damages in an amount within the jurisdictional limits of the Court, including monetary relief over $200,000.00 but not more than $5,000,000; exemplary damages, together with interest as allowed by law; costs of court and such other and further relief to which the Petitioner may be entitled at law or in equity.

Respectfully Submitted,



_____
**Alfonso Kennard Jr.**
Texas Bar No.: 24036888
alfonso.kennard@kennardlaw.com
**Eddie Hodges Jr,**
Texas Bar No.: 24116523
eddie.hodges@kennardlaw.com
5120 Woodway Dr. Suite 10010
Houston, Texas 77056
Main: (713) 742-0900
Fax: (832) 558-9412
**ATTORNEYS FOR PETITIONER**

*Petitioner's Original Petition*                                                          14

**Exhibit B-1**

Filed
4/18/2022 11:26 AM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
Sylvie Le

CAUSE NUMBER *(FOR CLERK USE ONLY):* __22-DCV-292764__   COURT *(FOR CLERK USE ONLY):* _____

STYLED Robert Sanders v. Regions Bank

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Alfonso Kennard, Jr. <br> **Email:** filings@kennardlaw.com | **Plaintiff(s)/Petitioner(s):** Robert Sanders | ☑ Attorney for Plaintiff/Petitioner <br> ☐ *Pro Se* Plaintiff/Petitioner <br> ☐ Title IV-D Agency <br> ☐ Other: _____ |
| **Address:** 5120 Woodway Dr. Ste. 10010 <br> **Telephone:** 713-742-0900 | | **Additional Parties in Child Support Case:** |
| **City/State/Zip:** Houston, Texas 77056 <br> **Fax:** 832- 558-9412 | **Defendant(s)/Respondent(s):** REGIONS BANK | **Custodial Parent:** _____ <br> **Non-Custodial Parent:** _____ |
| **Signature:** <br> **State Bar No:** 24036888 | [Attach additional page as necessary to list all parties] | **Presumed Father:** _____ |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* <br> ☐ Consumer/DTPA <br> ☐ Debt/Contract <br> ☐ Fraud/Misrepresentation <br> ☐ Other Debt/Contract: ____ <br><br> *Foreclosure* <br> ☐ Home Equity—Expedited <br> ☐ Other Foreclosure <br> ☐ Franchise <br> ☐ Insurance <br> ☐ Landlord/Tenant <br> ☐ Non-Competition <br> ☐ Partnership <br> ☐ Other Contract: ____ | ☐ Assault/Battery <br> ☐ Construction <br> ☐ Defamation <br> *Malpractice* <br> ☐ Accounting <br> ☐ Legal <br> ☐ Medical <br> ☐ Other Professional <br>     Liability: ____ <br><br> ☐ Motor Vehicle Accident <br> ☐ Premises <br> *Product Liability* <br> ☐ Asbestos/Silica <br> ☐ Other Product Liability <br>     List Product: ____ <br><br> ☐ Other Injury or Damage: ____ | ☐ Eminent Domain/ <br>     Condemnation <br> ☐ Partition <br> ☐ Quiet Title <br> ☐ Trespass to Try Title <br> ☐ Other Property: ____ | ☐ Annulment <br> ☐ Declare Marriage Void <br> *Divorce* <br> ☐ With Children <br> ☐ No Children | ☐ Enforcement <br> ☐ Modification—Custody <br> ☐ Modification—Other |
| | | **Related to Criminal Matters** | **Other Family Law** | **Title IV-D** |
| | | ☐ Expunction <br> ☐ Judgment Nisi <br> ☐ Non-Disclosure <br> ☐ Seizure/Forfeiture <br> ☐ Writ of Habeas Corpus— <br>     Pre-indictment <br> ☐ Other: ____ | ☐ Enforce Foreign <br>     Judgment <br> ☐ Habeas Corpus <br> ☐ Name Change <br> ☐ Protective Order <br> ☐ Removal of Disabilities <br>     of Minority <br> ☐ Other: ____ | ☐ Enforcement/Modification <br> ☐ Paternity <br> ☐ Reciprocals (UIFSA) <br> ☐ Support Order |
| **Employment** | **Other Civil** | | | **Parent-Child Relationship** |
| ☑ Discrimination <br> ☐ Retaliation <br> ☐ Termination <br> ☐ Workers' Compensation <br> ☐ Other Employment: ____ | ☐ Administrative Appeal <br> ☐ Antitrust/Unfair <br>     Competition <br> ☐ Code Violations <br> ☐ Foreign Judgment <br> ☐ Intellectual Property | ☐ Lawyer Discipline <br> ☐ Perpetuate Testimony <br> ☐ Securities/Stock <br> ☐ Tortious Interference <br> ☐ Other: ____ | | ☐ Adoption/Adoption with <br>     Termination <br> ☐ Child Protection <br> ☐ Child Support <br> ☐ Custody or Visitation <br> ☐ Gestational Parenting <br> ☐ Grandparent Access <br> ☐ Parentage/Paternity <br> ☐ Termination of Parental <br>     Rights <br> ☐ Other Parent-Child: ____ |
| **Tax** | **Probate & Mental Health** | | | |
| ☐ Tax Appraisal <br> ☐ Tax Delinquency <br> ☐ Other Tax | *Probate/Wills/Intestate Administration* <br> ☐ Dependent Administration <br> ☐ Independent Administration <br> ☐ Other Estate Proceedings | ☐ Guardianship—Adult <br> ☐ Guardianship—Minor <br> ☐ Mental Health <br> ☐ Other: ____ | | |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1):*

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court <br> ☐ Arbitration-related <br> ☐ Attachment <br> ☐ Bill of Review <br> ☐ Certiorari <br> ☐ Class Action | ☐ Declaratory Judgment <br> ☐ Garnishment <br> ☐ Interpleader <br> ☐ License <br> ☐ Mandamus <br> ☐ Post-judgment | ☐ Prejudgment Remedy <br> ☐ Protective Order <br> ☐ Receiver <br> ☐ Sequestration <br> ☐ Temporary Restraining Order/Injunction <br> ☐ Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case):*
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☑ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

**Exhibit B-2**



Filed
4/18/2022 11:26 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Sylvie Le

# BEVERLEY MCGREW WALKER
## Fort Bend County District Clerk
## 301 Jackson Street, Room 101
## Richmond, TX 77469

Telephone: (281) 341-4509
Fax: (281) 341-4519

## REQUEST FOR PROCESS
All sections <u>must</u> be completed for processing this request.

---

**Section 1:**

Cause No. ___22-DCV-292764___   Fort Bend County - 434th Judicial District Court

STYLE: __Robert Sanders__ VS __REGIONS BANK__

---

**Section 2:**

## Check Process Type:

- ☑ Citation
- ☐ Precept to Serve / Notice of Hearing
- ☐ Citation by Posting
- ☐ Citation by Commissioner of Insurance
- ☐ Temporary Restraining Order
- ☐ Notice of Registration of Foreign Judgment
- ☐ Citation by Secretary of State
- ☐ Writ of _____
- ☐ Application for Protective Order / Temporary (Ex Parte) Protective Order
- ☐ Citation by Publication*:
  - ☐ **Daily**: Fort Bend Herald      ☐ **Once a Week**: Fort Bend Independent
  - ☐ **Other**: _____
  - * In Accordance with the Fort Bend County Term Contract for Newspaper Publication of Legal Notices
- ☐ Other _____
- ☐ TCPRC 17.032 Citation by Publication *(Citation will be posted by the District Clerk's Office on the Office of Court Administration website)*

**REQUEST FOR ISSUANCE OF SUBPOENA MUST BE SUBMITTED ON A SUBPOENA APPLICATION FORM**

---

**Section 3:**

## Title of Document/Pleading to be attached for service: _____

Petitioner's Original Petition

---

**Section 4: PARTIES TO BE SERVED** (Please type or print):

1. Name: REGIONS BANK ; Registered Agent Corporation Service Company, D/B/A CSC Lawyers Incorporating Service Company

   Address: 211 E. 7th Street Ste. 620

   City: Austin    State: Texas    Zip: 78701

**Exhibit B-3**

2. Name:_____

   Address: _____

   City:_____ State:_____ Zip:_____

3. Name:_____

   Address: _____

   City:_____ State:_____ Zip:_____

4. Name:_____

   Address: _____

   City:_____ State:_____ Zip:_____

**Section 5**

## Check Service Type – Additional Fees Apply:

☐ Fort Bend County – Constable*          ☐ District Clerk Service**

☐ Fort Bend County – Sheriff*            ☐ Certified Mail

☐ Registered Mail (Out of Country)       ☐ Not Applicable – See Section 7

*Fort Bend County Constable and Sheriff will <u>only</u> serve within their jurisdiction.
** Fort Bend County District Clerk's Office will <u>only</u> conduct service on Citation by Publications posted on the Office of Court Administration website.

**Section 6 (<u>ONLY</u> if Section 7 does not apply)**

**Please Note:  Our office will use the e-Service email address registered with the Texas State Bar.**

**Attorney Name:** Alfonso Kennard, Jr.
_____

**Address:** 5120 Woodway Dr. Ste. 10010
_____
                        Street/P.O. Box

Houston _____ Texas _____ 77056 _____
          City                        State                        Zip

Telephone No. 713-742-0900 _____ Bar No. 24036888 _____

**Section 7 (<u>ONLY</u> if Section 6 does not apply)**

## Pro-Se Name:_____

Address:_____
                        Street/P.O. Box

_____ _____ _____
          City                        State                        Zip

Telephone No._____ Email Address _____

## Pro-se Service Only:

☐ e-Service*          ☐ Mail to Pro-se Party*          ☐ Hold for Pick up

*Service will be mailed/emailed directly to pro-se party requesting issuance.

**Exhibit B-3**

**SERVICE FEE NOT COLLECTED**
**BY DISTRICT CLERK**

**THE STATE OF TEXAS**

**CITATION**

TO:    **REGIONS BANK**
       **REGISTERED AGENT CORPORATION SERVICE COMPANY**
       **D/B/A CSC LAWYERS INCORPORATING SERVICE COMPANY**
       **211 E/ 7TH STREET SUITE 620**
       **AUSTIN TX  78701-3218**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PETITIONER'S ORIGINAL PETITION**  filed on **April 18, 2022,** a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

The case is presently pending before the **434TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **22-DCV-292764**  and is styled:

**ROBERT A SANDERS VS. REGIONS BANK**

The name and address of the attorney for **PLAINTIFF(S)** is:

**ALFONSO KENNARD, JR**
**KENNARD LAW PC**
**5120 WOODWAY DR SUITE 10010**
**HOUSTON TX  77056**
**713-742-0900**

The nature of the demands of said **PLAINTIFF(S)** is shown by a true and correct copy of the **PETITIONER'S ORIGINAL PETITION**  accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 20th day of April, 2022.**

                 **BEVERLEY MCGREW WALKER, DISTRICT CLERK**
                 **FORT BEND COUNTY, TEXAS**
                 <u>Physical Address:</u>
                 1422 Eugene Heimann Circle, Room 31004
                 Richmond, Texas 77469
                 <u>Mailing Address:</u>
                 301 Jackson Street, Room 101
                 Richmond, Texas 77469

                 By: _____
                 **Deputy District Clerk** SALENA M JASSO
                 **Telephone:** (281) 341-3787

**Exhibit B-4**

**22-DCV-292764**                                    **434th Judicial District Court**
**Robert A Sanders vs. Regions Bank**

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20__, at _____ o'clock ___M.  Executed

at _____, within the County of _____

_____, at _____o'clock ___M. on the _____ day of _____,

20__, by delivering to the within named _____

_____, in person, a true copy of this citation together with the accompanying copy of the petition, having first

attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of

delivery.

Total fee for serving ___ citation at $80.00 each  $_____

_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,
                        (First, Middle, Last)

my date of birth is_____, and my address is _____
                                                                                      (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____

day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

**ORIGINAL**

Citation issued to Regions Bank on 4/20/2022.

**Exhibit B-4**

**SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK**

THE STATE OF TEXAS

CITATION

TO:   **REGIONS BANK
REGISTERED AGENT CORPORATION SERVICE COMPANY
D/B/A CSC LAWYERS INCORPORATING SERVICE COMPANY
211 E/ 7TH STREET SUITE 620
AUSTIN TX  78701-3218**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PETITIONER'S ORIGINAL PETITION**  filed on **April 18, 2022,** a default judgment may be taken against you.   In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

The case is presently pending before the **434TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **22-DCV-292764**  and is styled:

**ROBERT A SANDERS VS. REGIONS BANK**

The name and address of the attorney for **PLAINTIFF(S)** is:

**ALFONSO KENNARD, JR
KENNARD LAW PC
5120 WOODWAY DR SUITE 10010
HOUSTON TX  77056
713-742-0900**

The nature of the demands of said **PLAINTIFF(S)** is shown by a true and correct copy of the **PETITIONER'S ORIGINAL PETITION**  accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 20th day of April, 2022.**

**BEVERLEY MCGREW WALKER, DISTRICT CLERK
FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: _____
**Deputy District Clerk** SALENA M JASSO
**Telephone:** (281) 341-3787

SERVICE

**Exhibit B-4**

**22-DCV-292764**                             **434th Judicial District Court**
**Robert A Sanders vs. Regions Bank**

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20__, at _____ o'clock ___M.  Executed

at _____, within the County of _____

_____, at _____o'clock ___M. on the _____ day of _____,

20__, by delivering to the within named _____

_____, in person, a true copy of this citation together with the accompanying copy of the petition, having first

attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of

delivery.

Total fee for serving ___ citation at $80.00 each  $_____

_____
  Name of Officer or Authorized Person

_____County, Texas

By:_____
       Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,
                      (First, Middle, Last)

my date of birth is_____, and my address is _____
                                     (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____

day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

### SERVICE

Citation issued to Regions Bank on 4/20/2022.

# Exhibit B-4